**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re MARIELA ZAPATA. | Civil Action No. 14-5830 |
| STEVEN P. KARTZMAN, as Chapter 7 Trustee, | |
| *Plaintiff*, | OPINION |
| v. | |
| ARCOLA SALES & SERVICE CORP, et al., | |
| *Defendants*. | |

ARLEO, UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter comes before the Court on Defendant Arcola Sales & Service Corp.'s ("Arcola") appeal of the Bankruptcy Court's September 3, 2014, interlocutory order denying Arcola's motion to dismiss.

### II. STATEMENT OF FACTS

In 2008, Mariela Zapata ("Zapata") brought suit against Arcola in Superior Court. See 2014 WL 4364797, at *1. This action arose from Zapata's purchase of a used school bus from Arcola. Id. This suit was dismissed in 2009 due to Zapata's failure to prosecute. Id.

On June 23, 2011, Zapata filed for Chapter 7 bankruptcy. Id. Steven P. Kartzman (the "Trustee") was appointed trustee. Zapata did not disclose the claim against Arcola in her

bankruptcy petition or schedules. Id. Discharge was granted on September 30, 2011, and the bankruptcy case was closed on October 12, 2011. Id.

In 2012, Zapata refiled her suit against Arcola in Superior Court (the "2012 State Action"). Id. Arcola moved for summary judgment due to her failure to prosecute. Id. The Trustee learned of the 2012 State Action and his counsel appeared before the Hon. Thomas V. Manahan on October 28, 2013. Id. On that date:

> A chambers conference was held and the Court concluded the Debtor did not own the claims asserted in the action at the time the 2012 Case was filed as a consequence of her chapter 7 proceeding, and that the Debtor failed to disclose the existing and known claims against Arcola in her bankruptcy proceeding. The Judge held on the record that the 2012 Case was dismissed without prejudice to the Trustee's right to reopen the chapter 7 proceeding and pursue this claim against Arcola, in full reservation of the Debtor's rights and defenses. The record also provided that the Trustee had until January 27, 2014 to pursue any such claims against Arcola. The Defendant's counsel was to draft an order (and did so) but the court in the meantime signed another order in error [the "October Order"], which omitted the Trustee's January 27, 2014 deadline.

Id.

On December 4, 2013, the Trustee reopened the bankruptcy proceeding. Id. On January 2, 2014, the Trustee filed a notice or removal, transferring the 2012 State Action from the Superior Court to the Bankruptcy Court. Id. This adversary proceeding was filed on January 6, 2014. Id.

Arcola moved to dismiss this adversary proceeding, arguing, *inter alia*, that pursuant to the October Order there was no case or controversy that could have been removed from the Superior Court to the Bankruptcy Court.

On September 3, 2014, the Hon. Donald H. Steckroth, U.S.B.J., denied the motion, finding that removal was proper. Central to Judge Steckroth's decision was the fact that Arcola had

expressly agreed on the record before Judge Manahan that the Trustee would be permitted to pursue its claim against Arcola in Bankruptcy Court.

Arcola seeks leave to file an interlocutory appeal of Judge Steckroth's Order denying Arcola's motion to dismiss. Arcola argues that the Trustee was not a party to the 2012 State Action and there was no pending case or controversy that could have been removed to the Bankruptcy Court on January 2, 2014.

### III.   STANDARD OF REVIEW

In determining whether to grant leave for an interlocutory appeal of a bankruptcy court's Order, a district court employs the same standard governing interlocutory appeals to circuit courts, which is set forth in 28 U.S.C. § 1292(b). See In re Dwek, No. 09-5046, 2010 WL 234938, at *2 (D.N.J. Jan. 15, 2010). Under Section 1292(b), leave to file an interlocutory appeal may only be granted upon a showing that: (1) there exists a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of litigation. See 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).

Even if the three requirements of Section 1292(b) are met, however, a court has discretion over whether to allow an interlocutory appeal. See In re Cendant Corp. Sec. Litig., 166 F. Supp. 2d. 1, 13–14 (D.N.J. 2001). Because piecemeal litigation is disfavored, leave to appeal should only be granted sparingly. Kapossy v. McGraw Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996). Therefore, "the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist." See Jacobo v. BAC Home Loans Servicing, LP, 477 B.R. 533, 537 (D.N.J. 2012) (quoting In re SemCrude, L.P., 407 B.R. 553, 557 (D. Del. 2009)); Pandolfelli v. JP Morgan Chase Bank, N.A., No. 10-5366, 2011 WL 915132, at *3 (D.N.J. Mar. 14, 2011).

IV. ANALYSIS

Based upon the Court's review of the parties' submissions and the record in this case, the Court declines to exercise its discretion to allow an interlocutory appeal of Judge Steckroth's September 3, 2014, Order.

Arcola argues its appeal concerns two controlling questions of law as to which there is a substantial ground for difference of opinion: (1) whether the Trustee was a party to the 2012 State Action; and (2) whether the 2012 State Action was pending at the time of removal. Arcola further argues that a reversal of the Bankruptcy Court's determination on these questions of law would end the litigation. As such, Arcola argues that the exceptional relief of an interlocutory appeal is warranted. The Court disagrees.

Arcola fails to recognize a key fact which forms the basis of Judge Steckroth's Order: Arcola expressly agreed on the record before Judge Manahan that dismissal of Zapata's claims would not prohibit the Trustee from timely pursuing its claim against Arcola in Bankruptcy Court. See 2014 WL 4364797, at *2 ("Following dismissal of the 2012 Case, the Trustee's right to reinstate the action by January 27, 2014 was preserved by agreement between the parties and authorized by the state court. It is clear the Trustee was given until January 27, 2014 to pursue the claims and did so by reopening the Debtor's chapter 7 proceeding on December 4, 2013 and filing the Notice of Removal on January 2, 2014."). Arcola is bound to the agreement it reached in State Court – on the record. Arcola cannot disavow this agreement because a Superior Court Judge mistakenly entered the wrong order. As such, the Court concludes that Arcola is not entitled to the exceptional relief of an interlocutory appeal.

In conclusion, the Court notes its concern with Arcola's candor to both this Court and the Superior Court. For example, while Arcola asks the Court to find that the Trustee was not a party

4

to the 2012 State Action, Arcola elsewhere argues in its brief that the Trustee's failure to appeal or move for reconsideration in the 2012 State Action should be held against the Trustee. See Dkt. No. 1-2, at 12. Additionally, while Arcola now puts much emphasis on the fact that the October Order was never vacated, e.g., Dkt. No. 1-2, at 12, Arcola argued to the Superior Court that it could not take any action as to the mistakenly entered order because the case had been removed to the Bankruptcy Court. See Dkt. No. 1-3. Similarly, while Arcola asserts that the October Order "makes no reference to any 'agreement of the parties,'" there is no dispute that Arcola did enter into an agreement with the Trustee. In fact, it its January 27, 2014 letter to the Superior Court, Arcola admitted that that the October Order was entered before the parties could submit the jointly agreed proposed form of order to the Superior Court for its consideration. Dkt. No. 1-3, at 79.

## V. CONCLUSION

For the reasons set forth above, Arcola's motion for leave to appeal [Dkt. No. 1] is **DENIED WITH PREJUDICE** and this matter will be **CLOSED**. An accompanying Order will be entered.

Dated: February 5, 2015

/s Madeline Cox Arleo
Hon. Madeline Cox Arleo
United States District Judge